IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SYDNEY DAHMEN,<br><br>Plaintiff,<br><br>v.<br><br>LM GENERAL INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:20-CV-815 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant LM General Insurance Company's Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion but will allow Plaintiff to file an Amended Complaint.

I. BACKGROUND

Plaintiff was involved in a motor vehicle collision in May 2020. Plaintiff was injured in the accident and has incurred medical expenses. At the time of the accident, Plaintiff and the vehicle she was driving were insured by Defendant. Plaintiff issued a demand for Defendant to tender the policy limits of $25,000. Defendant has refused. Plaintiff brings claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith.

II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as

the nonmoving party.[1]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]  As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

### III.  DISCUSSION

Plaintiff asserts three cause of action against Defendant: breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith.  Defendant seeks dismissal of the second and third causes of action.

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

A.      GOOD FAITH AND FAIR DEALING

Plaintiff's second cause of action asserts a breach of the covenant of good faith and fair dealing.  "In Utah, a plaintiff may sue on a contract for: (1) breach of the contract's express terms; and/or (2) breach of the covenant of good faith and fair dealing, which is an implied duty that inheres in every contractual relationship."[7] The Utah Supreme Court has held that "the implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim."[8]

Here, Plaintiff's Complaint contains a single paragraph setting out her claim for breach of the covenant of good faith and fair dealing.  Plaintiff alleges that "Defendant breached the implied covenant of good faith and fair dealing by, among other things, failing to investigate, evaluate, and pay Plaintiff's full claims among other wrongful and illegal conduct."[9]  This allegation is completely conclusory, which is insufficient under *Twombly* and *Iqbal*.[10] Therefore, dismissal is required.  However, the Court will allow Plaintiff an opportunity to amend her Complaint to provide additional allegations to shore up her claim.

---

[7] *Blakely v. USAA Cas. Inc. Co.*, 633 F.3d 944, 947 (10th Cir. 2011).

[8] *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 801 (Utah 1985).

[9] Docket No. 2-1 ¶ 36.

[10] *See City of Orem v. Evanston Ins. Co.*, Case No. 2:16-cv-425-JNP-PMW, 2017 WL 1843101, at *3 (D. Utah May 5, 2017) (finding similar allegations deficient).

B.     BAD FAITH

Plaintiff's third cause of action purports to assert a claim of bad faith. "Bad faith is merely the inverse of the implied covenant of good faith and fair dealing that inheres in all insurance contracts."[11] Therefore, to the extent that Plaintiff seeks to assert a bad faith claim, it should be brought as part of her claim for breach of the implied covenant of good faith and fair dealing. No separate cause of action is required. Therefore, Plaintiff's third cause of action will be dismissed, but the Court will permit Plaintiff to include the allegations in that claim as part of her claim for breach of the implied covenant of good faith and fair dealing.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 9) is GRANTED as set forth above. Plaintiff is permitted to file an Amended Complaint within thirty (30) days of this Order.

DATED this 6th day of January, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[11] *U.S. Fid. v. U.S. Sports Specialty*, 270 P.3d 464, 470 (Utah 2012).