IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SYDNEY DAHMEN,<br><br>                  Plaintiff,<br><br>v.<br><br>LM GENERAL INSURANCE COMPANY,<br><br>                  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:20-CV-815 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff was involved in a motor vehicle collision on May 15, 2020. As Plaintiff approached the intersection of Camp Williams Road and Porter Rockwell Boulevard, an unidentified white pickup truck made a right turn from Porter Rockwell Boulevard onto Camp Williams Road. While doing so, the unidentified white pickup truck cut off an unidentified black vehicle. The black vehicle was forced to switch lanes to avoid a collision. In doing so, the black vehicle cut off a GMC Yukon being driven by Wilberto Guerrero. In an attempt to avoid a collision with the black vehicle, Guerrero swerved out of his lane and came to a sudden stop. Plaintiff was traveling behind Guerrero's GMC Yukon. Plaintiff was unable to come to a complete stop and collided with the rear of Guerrero's GMC Yukon.

At the time of the collision, Plaintiff was insured under a policy issued by Defendant (the "Policy"). After the accident, Defendant opened a file concerning the collision. Defendant

spoke with Guerrero and Plaintiff, reviewed the police report from the accident, and reviewed photos provided by Plaintiff's counsel. On August 19, 2020, Defendant informed Plaintiff that it would not be covering her injuries under the Policy. Plaintiff alleges that Defendant breached the Policy when it refused to cover her injuries and breached the implied covenant of good faith and fair dealing. Defendant seeks summary judgment on both claims.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[2] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]

## III. DISCUSSION

Plaintiff asserts that Defendant was obligated to pay her claim under the uninsured motorist coverage provision of the Policy. Relevant here, the Policy defines an uninsured motor vehicle as a motor vehicle "[w]hich is a hit-and-run vehicle whose operator cannot be identified and which hits: a. You or any 'family member;' b. A vehicle which you or any 'family member'

---

[1] FED. R. CIV. P. 56(a).

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

are 'occupying;' or c. 'Your covered auto.'"[4]  Defendant argues that Plaintiff's claim fails under the Policy because the hit-and-run vehicle—the unidentified white pickup truck—did not hit Plaintiff, a family member, a vehicle that she or a family member were occupying, or a covered auto.  Instead, it was Plaintiff who made contact with the GMC Yukon.  In response, Plaintiff argues that such an interpretation of the Policy contravenes Utah law.  In reply, Defendant argues that Idaho law, not Utah law, governs.  Therefore, the Court must first determine the applicable law.

In diversity actions, federal courts apply the choice of law rules of the forum state.[5]  The Utah Supreme Court has adopted the "most significant relationship" test to contract claims as articulated in the Restatement (Second) of Conflict of Laws § 188.[6]  The contacts taken into account include the place of contracting; the place of negotiation of the contract; the place of performance; the location of the subject matter of the contract; and the domicil, residence, nationality, place of incorporation and place of business of the parties.[7]  In the context of an automobile insurance policy, the Utah Supreme Court has found that a policy had the most significant relationship with Idaho when the contract had been negotiated there and involved "an

---

[4] Docket No. 28-1, at 27–28.

[5] *N8 Med., Inc. v. Colgate-Palmolive Co.*, 727 F. App'x 482, 485 (10th Cir. 2018) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

[6] *See Am. Nat'l Fire Ins. Co. v. Farmers Ins. Exch.*, 927 P.2d 186, 190–91 (Utah 1996); s*ee also* Restatement (Second) Conflict of Laws § 188(1) (Am. Law Inst. 1971).

[7] *See Am. Nat'l Fire Ins. Co.*, 927 P.2d at 188; s*ee also* Restatement (Second) Conflict of Laws § 188(1).

Idaho resident and an automobile which is registered and garaged in that state."[8]  This was true even though the accident that led to the dispute occurred in Utah.[9]

Here, these same factors compel the application of Idaho law.  The Policy was negotiated in Idaho, involved an Idaho resident, and covered a vehicle registered and garaged in Idaho.[10] Further Utah's insurance code only applies to policies: "(a) delivered or issued for delivery in this state; (b) on property ordinarily located in this state; (c) on persons residing in this state when the policy is issued; or (d) on business operations in this state."[11]  None of these factors is present here.  Therefore, Idaho law applies.

Plaintiff argues that Defendant should be judicially estopped from arguing that Idaho law governs, pointing out that Defendant has consistently applied Utah law in this case.[12]  In a diversity case, the Court looks to state law to determine whether the doctrine of judicial estoppel applies.[13]  Having determined that Idaho law applies under Utah's choice of law principles, the Court will apply Idaho's judicial estoppel doctrine.  In Idaho, "[j]udicial estoppel precludes a party from advantageously taking one position, then subsequently seeking a second position that

---

[8] *See Am. Nat'l Fire Ins. Co.*, 927 P.2d at 189.

[9] *Id.* at 189–90 ("Under the most significant relationship test, the location of the accident is not sufficient to outweigh numerous other contacts . . . .").

[10] Docket No. 28-1, at 18 (identifying Plaintiff's Idaho mailing address and identifying Plaintiff as an Idaho driver); *Id.* at 20 (identifying amendments to the Policy based on Idaho law); *Id.* at 61 (identifying Plaintiff's vehicle as having an Idaho registration); *Id.* at 78 (a picture of Plaintiff's vehicle showing Idaho license plates); Docket No. 37-1 (stating that Plaintiff has an Idaho mailing address and affirming that the covered vehicle is garaged in Idaho).

[11] Utah Code Ann. § 31A-21-101(1).

[12] *See* Docket No. 9, at 4–6 (seeking dismissal of Plaintiff's bad faith claim under Utah law).

[13] *See Tri-State Generation & Transmission Assoc., Inc. v. Shoshone River Power, Inc.*, 874 F.2d 1346, 1363 (10th Cir. 1989).

is incompatible with the first."[14]  Plaintiff argues that Defendant used Utah law to its advantage earlier in this case and, by doing so, successfully obtained dismissal of Plaintiff's second and third causes of action.[15]  The Court disagrees.  Defendant has gained no advantage because Plaintiff was able to reassert her claim for breach of the covenant of good faith and fair dealing and, as will be discussed, her bad faith claim fails on the merits.  Therefore, the Court rejects Plaintiff's argument that Defendant is judicially estopped from arguing that Idaho law applies, and the Court will proceed to evaluate Plaintiff's claims under Idaho law.

When interpreting insurance policies, Idaho courts apply "the general rules of contract law subject to certain special canons of construction."[16]  "The general rule is that, because insurance contracts are adhesion contracts, typically not subject to negotiation between the parties, any ambiguity that exists in the contract 'must be construed most strongly against the insurer.'"[17]  Where a contract's language is clear and unambiguous, its interpretation and legal effect are questions of law.[18]  "Where the policy is reasonably subject to differing interpretations, the language is ambiguous and its meaning is a question of fact."[19]

With these principles in mind, the Court turns to the relevant Policy language.  As stated, the Policy defines an uninsured motor vehicle as a motor vehicle "[w]hich is a hit-and-run

---

[14] *McCallister v. Dixon*, 303 P.3d 578, 581 (Idaho 2013).

[15] *See* Docket No. 19.

[16] *Arreguin v. Farmers Ins. Co. of Idaho*, 180 P.3d 498, 500 (Idaho 2008) (quoting *Clark v. Prudential Prop. & Cas. Ins. Co.*, 66 P.3d 242, 244 (Idaho 2003)).

[17] *Farmers Ins. Co. of Idaho v. Talbot*, 987 P.2d 1043, 1047 (Idaho 1999) (quoting *Mutual of Enumclaw Ins. Co. v. Roberts*, 912 P.2d 119, 122 (Idaho 1996)).

[18] *Bondy v. Levy*, 829 P.2d 1342, 1345 (Idaho 1992).

[19] *Clark*, 66 P.3d at 245.

vehicle whose operator cannot be identified and which hits: a. You or any 'family member;' b. A vehicle which you or any 'family member' are 'occupying;' or c. 'Your covered auto.'"[20]

Plaintiff contends that the term "hit" is not defined by the Policy and should not be construed as requiring physical contact. Plaintiff's argument is contradicted by Idaho law. The Idaho Court of Appeals has stated that policies using "hit" language—like the Policy here—include "a physical contact requirement."[21] Thus, an insured may not recover "unless there was physical contact with the injury-causing vehicle."[22] In turn, the Idaho Supreme Court has upheld policy provisions that limit uninsured motorist coverage in hit-and-run accidents to those involving physical contact as consistent with Idaho's insurance code.[23]

The Idaho Court of Appeals has further defined "physical contact" as encompassing both direct and indirect contact.[24] Direct contact "includes a direct touching by a motor vehicle of the

---

[20] Docket No. 28-1, at 27–28.

[21] *Miller v. U.S. Fidelity & Guar. Ins. Co.*, 738 P.2d 425, 427 (Idaho Ct. App. 1987) ("We deem it clear that the 'hit' language in the instant policy represents just such a physical contact requirement.").

[22] *Id.*

[23] *See Hammon v. Farmers Ins. Co. of Idaho*, 707 P.2d 397, 400 (Idaho 1985) ("By providing uninsured motorist coverage in hit-and-run situations, even though restricted to instances where there was physical contact between the vehicles involved, Farmers has actually provided greater uninsured motorist coverage than is required under the Idaho statute. Because the Idaho statute neither mandates nor prohibits uninsured motorist coverage in hit-and-run situations, the physical contact requirement becomes a matter of contract between the insured and the insurer which we will not disturb.").

[24] *Miller*, 738 P.2d at 427.

6

insured's body."[25]  While indirect contact "occurs when a vehicle knocks an intermediate object into the insured."[26]

> Indirect contact cases generally fall into two categories: "collision" and "thrown object" accidents.  The typical "collision" accident occurs when car A collides with car B.  Car B then strikes car C, occupied by the insured.  Although there has been no direct contact between car A and the insured in car C, this type of accident satisfies the physical contact requirement . . . . The "thrown object" scenario usually occurs when a vehicle propels an object at the insured, or when the vehicle strikes a stationary object such as a sign post, and the object hits the insured.[27]

In either of the above circumstances, an insured may recover.  However, "there is no physical contact where errant driving by an unidentified motorist induces a response by another driver, who swerves to avoid a collision but collides instead with the insured's vehicle."[28]  Here, there was no physical contact—direct or indirect—between Plaintiff and the unidentified white pickup truck.  The only physical contact was between Plaintiff and the GMC Yukon.  Therefore, Plaintiff was not entitled to coverage under the uninsured motorist provision of the Policy and Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

Further, "[f]undamental to the claim of bad faith is the idea that there must be coverage of the claim under the policy."[29]  "If there is no coverage under an insurance contract, there can be no breach of the duty of good faith and fair dealing or liability for bad faith . . . ."[30]  Since

---

[25] *Id.*

[26] *Id.*

[27] *Id.* (internal citation omitted).

[28] *Id.*

[29] *Robinson v. State Farm Mut. Auto. Ins. Co.*, 45 P.3d 829, 834 (Idaho 2002).

[30] *Scout, LLC v. Truck Ins. Exch.*, 434 P.3d 197, 208 (Idaho 2019).

7

Plaintiff cannot establish coverage under the Policy, her breach of the covenant of good faith and fair dealing and bad faith claims fail as well.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 28) is GRANTED.

DATED this 21st day of September, 2021.

        BY THE COURT:

        _____
        Ted Stewart
        United States District Judge